UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY D. RAMSEY,

       Plaintiff,                           Case No: 1:08-cv-240

v                                      HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

      Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the magistrate judge, who issued a Report and Recommendation, recommending that this Court affirm the Commissioner's decision denying plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. The matter is presently before the Court on plaintiff's Objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

      At the outset of his objections, plaintiff states that he incorporates his previous Brief and Reply Brief as part of this "pleading" (Objections). To the extent that plaintiff intends that this Court *sua sponte* consider prior argument not reiterated in specific objection to the magistrate judge's Report and Recommendation, the Court declines to do so. As defendant appropriately observes, such duplicative consideration by the district court would defeat the purpose and efficiency of consideration by the magistrate judge in the first instance. *See Howard v. Sec'y of*

*Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). W.D. Mich. LCivR 72.3(b) provides that a party filing objections to a report and recommendation "shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." Thus, this Court will consider only the objections specifically raised or discernable in plaintiff's Objections.[1]

Plaintiff takes issue with the magistrate judge's characterization of plaintiff's argument concerning the Appeals Council as "frivolous." Plaintiff asserts that his argument that the Appeals Council erred in failing to review his case was not frivolous and that he takes "great offense" at such labeling. Nonetheless, plaintiff concedes that "the Magistrate's citation is technically correct" (Obj. 2). The magistrate judge correctly relied on the governing law in the circumstances presented, i.e., where the Appeals Council has denied review of the Commissioner's decision, and correctly noted that the court's scope of review does not include the Appeals Council's discretionary decision to deny review. *See Matthews v. Apfel,* 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review.").

Plaintiff's citation to *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986), is inapposite (Obj. 2). Regardless whether the Appeals Council had the discretionary authority to review plaintiff's case, *see id.*, and take notice that plaintiff had reached age fifty as plaintiff contends, it does not follow that this Court has authority to review the Appeal's Council's discretionary decision. Plaintiff's objection is denied.

---

[1] Because plaintiff presents a "stream of consciousness" brief and does not identify specific objections, the Court has necessarily attempted to categorize and address the argument as presented.

Plaintiff next objects to the magistrate judge's characterization of plaintiff's request for a remand of this case on the basis of new evidence (Obj. 2). The Court has considered plaintiff's complaints, but finds no objection that warrants legal relief. The magistrate judge properly relied on the governing principles for consideration of evidence generated after the hearing. Plaintiff has the burden of showing that the evidence is new, that it is material, and that there is good cause for failing to incorporate it at the administrative level. *Hollon v. Comm'r of Soc. Sec.,* 447 F.3d 477, 483-86 (6th Cir. 2006); *Cotton v. Sullivan,* 2 F.3d 692, 695 (6th Cir. 1993). Plaintiff failed to explain why the evidence was not submitted at the administrative level. Plaintiff merely reiterates that "he kept treating with his doctor" and the records in question were not generated until after the ALJ's decision (Obj. 2). However, the ALJ did not render a decision until July 25, 2006. Contrary to plaintiff's assertions, it appears that some, if not much, of the key evidence at issue was available before the ALJ's decision (*see* AR 9). Further, plaintiff takes issue with the magistrate judge's determination that plaintiff failed to show the new evidence was "material," but plaintiff offers no supporting argument in this regard. Plaintiff's failure to acknowledge the relevant circumstances of this case in the proper legal context undermines his argument that he is entitled to a remand.

Plaintiff also objects that the magistrate judge failed to accord the proper deference to the opinions of his treating physicians. Plaintiff's arguments are unavailing. First, plaintiff acknowledges that one of the two physicians, Dr. Susan Day, M.D., in fact, did not become a "treating" physician until sometime later in this case, although plaintiff fails to assert specifically when this occurred, before or after the August 30, 2005 hearing. "A physician is a treating source if he has provided medical treatment or evaluation and has had an ongoing treatment relationship with the claimant . . . 'with a frequency consistent with accepted medical practice for the type of

3

treatment and/or evaluation [that is] typical for the [treated condition(s)].'" *Blakley v. Comm'r of Soc. Sec.*, ___ F.3d ___, 2009 U.S. App. LEXIS 21132 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1502).

At his hearing, plaintiff merely stated that he had consulted with Dr. Day the day before the hearing, and she had proposed certain surgeries (AR 435-36). In fact, Dr. Day performed surgery on plaintiff, but not until well after the hearing before the ALJ in February 2006, which evidence was not before the ALJ (*see* AR 408). Moreover, earlier records from Dr. Day disclaimed any treatment relationship with plaintiff (Ar 165, 343). The magistrate judge considered these circumstances in detail and properly concluded that the evidence before the ALJ did not establish that Dr. Day's initial opinions were provided as a treating physician (R & R 10-12). Regardless, as defendant points out, and the magistrate judge noted, the ALJ's determination was consistent with Dr. Day's medical assessment (R & R 10). Thus, plaintiff's objection that Dr. Day was not properly considered a treating physician rings hollow.

Plaintiff's further objection that the magistrate judge failed to give deference to the opinions of Dr. Sudhir Rao, M.D., who unquestionably was a treating physician, is likewise flawed. The ALJ considered Dr. Rao's opinions given during the course of his treatment of plaintiff, and the ALJ generally credited those opinions in determining plaintiff's residual functional capacity, and for the most part, accommodated the restrictions imposed by Dr. Rao. The magistrate judge noted that the ALJ discounted nothing in Dr. Rao's medical records (R & R 13). Although the ALJ rejected Dr. Rao's comments in his unsworn statement taken by plaintiff's counsel on August 3, 2005, the ALJ properly explained his consideration of Dr. Rao's statement and the reasons for the weight, or lack thereof, accorded.

Plaintiff objects that the ALJ effectively "discarded" the opinions of Dr. Rao, contrary to the "treating physician rule" and the directives of *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541 (6th Cir. 2004). This Court disagrees given the record evidence. The Sixth Circuit Court of Appeals recently elucidated its concerns underlying the treating physician rule and the "reason-giving requirement" set forth in *Wilson*. *See Blakley*, 2009 U.S. App. LEXIS 21132, *15-19. Although the court in *Blakley* reversed and remanded the case because the ALJ failed to "give good reasons" for discounting the opinions of the plaintiff's treating physicians, no similar circumstances exist in this case. Here, the ALJ explained precisely the reason for discounting the unsworn statement of Dr. Rao (AR 17). Further, the ALJ's residual functional capacity assessment incorporated the restrictions of Dr. Rao and Dr. Day and was more generous than the assessment by the state agency medical consultant (AR 16-17). The magistrate judge's review and conclusion comports with the principles enunciated in *Blakley*. Plaintiff's objection is therefore denied.

Plaintiff objects that the magistrate judge failed to address plaintiff's good work history as a factor in credibility. The magistrate judge properly addressed the matter of credibility and found that the ALJ's credibility determination was supported by more than substantial evidence (AR 15-17). Although plaintiff vigorously complains that the ALJ mischaracterized the evidence concerning the frequency of plaintiff's hunting and fishing activities, the Court finds no such error. Rather, the record contains varying reports of the frequency of these activities over time, and as defendant points out, plaintiff's later testimony did not refute his earlier statements since plaintiff claimed to be completely disabled since August 2002, at which time he reported fishing two to three times weekly (AR 90). As defendant further points out, the ALJ took plaintiff's deterioration over time

into consideration in limiting plaintiff to a limited range of sedentary work rather than light work. Plaintiff's objection regarding the credibility determination is denied.

The magistrate judge considered the issues raised by plaintiff and properly recommended that the decision of the Commissioner be affirmed. Accordingly:

**IT IS ORDERED** that plaintiff's objections (Dkt 11) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 10) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated:  September 29, 2009           /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY D. RAMSEY,

    Plaintiff,                          Case No: 1:08-cv-240

v                                            HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## **JUDGMENT**

In accordance with the Opinion and Order entered this date:

**IT IS HEREBY ORDERED AND ADJUDGED** that the decision of the Commissioner of Social Security is AFFIRMED.

Dated: September 29, 2009                  /s/ Janet T. Neff
                                                           JANET T. NEFF
                                                           United States District Judge